UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


EDWIN ORTIZ,

        Petitioner,

v.                                      Case No.  8:11-cv-2410-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,

        Respondent.
_____

## ORDER

THIS CAUSE is before the Court on Petition Edwin Ortiz's timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus.  Ortiz challenges his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Hardee County, Florida.  A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

### PROCEDURAL HISTORY

Ortiz was charged by amended information with robbery with a weapon, (count one); felony fleeing or attempting to elude (count two); resisting an officer without violence (count three);  and aggravated battery (count four). (Resp. Ex. 1, V 1 R 14-15). He proceeded to jury trial on February 11, 2003, and was found guilty as charged. Adjudicated in accordance with the verdicts, Ortiz was sentenced to 30 years incarceration as a prison releasee reoffender (PRR) on count one; to five years incarceration on count two;  and to mandatory 15 years incarceration as a PRR on count four.[1] The sentences run concurrently.

_____

[1]  Ortiz is not in custody on the misdemeanor offense of resisting an officer (count three).

Ortiz appealed. On March 4, 2004, the state district court of appeal per curiam affirmed the conviction and sentence in case no. 2D03-1939. *Ortiz v. State*, 871 So. 2d 229 (Fla. 2d DCA 2004)[table]. He did not seek rehearing nor petition for certiorari review.

On August 23, 2004, Ortiz filed a rule 3.850 motion for postconviction relief. (Resp. Ex. 9; Resp. Ex. 15, Supp 4 R1-22). On September 16, 2005, the state trial court dismissed ground one of Ortiz's rule 3.850 motion without prejudice to refiling. The state trial court summarily denied the remaining grounds.  (Resp. Ex. 10; Resp. Ex. 15, Supp 5 R 1-40).

Ortiz filed a pro se motion for leave to amend the rule 3.850 motion, which was treated as a refiling of ground one. (Resp. Ex. 15, V 1 R 171-72). After conducting an evidentiary hearing on September 19, 2006, and October 18, 2008, the state trial court denied relief on December 15, 2008. In addition, the state trial court denied as untimely a claim raised by Ortiz in an amended rule 3.850 motion.[2]  (Resp. Exs. 12, 14; 15, V 1 R 165-81).

Ortiz appealed. On September 1, 2010, the state district court of appeal per curiam affirmed the denial of rule 3.850 relief.  *Ortiz v. State*, case no. 2D08-5380 (Fla. 2d DCA 2011).  Ortiz filed a pro se motion for rehearing, which was stricken because he was represented by counsel.

Ortiz timely filed the present federal habeas corpus petition October 20, 2011.

---

[2]  In a pro se amended rule 3.850 motion for postconviction relief dated September 4, 2007, Ortiz raised an additional claim in which he faulted his trial counsel for not securing the assistance of a Spanish-speaking interpreter at trial. (Resp. Ex. 12; Resp. Ex. 15, V 1 R 1-82). The motion was initially dismissed. (Resp. Ex. 15, V 1 R 83-84). Upon Ortiz's filing a motion to reconsider, further evidentiary proceedings were held October 17, 2008. (Resp. Exs. 13, 15, V 1 R 101, Supp 2 R 6-118). In its final order denying postconviction relief, the state trial court also denied Ortiz's added claim as time-barred and made clear any further attempt to raise the claim would violate Florida's successive petition doctrine. (Resp. Exs. 14; 15, V 1 R 167).

## Governing Principles

## Federal Question

Title 28 U.S.C. § 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78 (1983) (citing *Engle v. Isaac*, 457 U.S. 1141(1982)); *Smith v. Phillips*, 455 U.S. 209 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

## Exhaustion and Procedural Default

Ordinarily, a state prisoner seeking federal habeas relief must first "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts "the first opportunity to address and correct alleged violations of "[the] prisoner's federal rights," *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011)(quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). A habeas petitioner who has failed to meet the state's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman,* 501 U.S. at 732 (internal quotation marks omitted). A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam).

3

"A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker*, 131 S. Ct. at 1127(quoting *Beard v. Kindler*, 130 S.Ct. 612, 615 (2009)). To be adequate, the rule must be well established and consistently applied. *Walker,* 131 S.Ct. at 1128.

A prisoner may obtain federal review of a defaulted claim by showing cause for the default and actual prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 749-50.  Cause must be "something external to the petitioner, something that cannot fairly be attributed to him." 501 U.S. at 753; *Maples v. Thomas*, 132 S.Ct. 912, 927 (2012)(counsel's abandonment of petitioner in the postconviction proceedings of a capital case constituted "ample cause" to excuse default).[3] "Cause" requires a showing of "some objective factor" which impeded compliance with a procedural rule, such as "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice requires "showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170  (1982).

The fundamental miscarriage of justice exception arises only in an "extraordinary case" in which "a constitutional violation has probably resulted in the conviction of one who

---

[3]   A claim of ineffective assistance of counsel generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 489 (1986). While an ineffective assistance of counsel claim can constitute cause for the procedural default of another claim, the ineffective assistance claim must not itself be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

is actually innocent." *Murray*, 477 U.S. at 492. The petitioner must present "reliable evidence ... not presented at trial" such that "it is more likely than not that no reasonable juror would have convicted him of the underlying offense." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). The actual innocence exception is "exceedingly narrow in scope," and the petitioner must demonstrate that he is factually innocent rather than legally innocent. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### Deference Under the AEDPA

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. The AEDPA precludes a federal court from granting a writ of habeas corpus to a state prisoner unless the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "Under § 2254(d), a habeas court must determine what arguments or theories supported ... the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Wetzel v. Lambert*, 132 S.Ct. 1195, 1198 (2012)(citing *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)).

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1400, (2011)(holding new evidence introduced in federal habeas court has no bearing on Section 2254(d)(1) review). Additionally, the federal court will presume the correctness of state court findings of fact unless the petitioner is able to rebut that presumption by clear and

convincing evidence. See 28 U.S.C. § 2254(e)(1). Because of the presumption under § 2254(e)(1) that state court findings of fact are correct, "where factual findings underlie the state court's legal ruling, the Court's already deferential review [under § 2254(d)] becomes doubly so." *Childers v. Floyd*, 642 F.3d 953, 972 (11th Cir. 2011) (en banc).

### Title 28 Section 2254(e)(2)'s Stringent Dictates

Additionally, 28 U.S.C. § 2254(e)(2) "restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Pinholster*, 131 S.Ct. at 1401; *see also, LeCroy v. Sec'y Fla. Dep't. of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005) ("Section 2254(e)(2) severely limits the circumstances in which a district court may properly conduct an evidentiary hearing."). Pursuant to 28 U.S.C. § 2254(e)(2) (1996), a hearing is permitted only if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant  shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2) (1996).

None of Ortiz's  grounds rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2254(e)(2)(A)(I). Ortiz does he rely on "a factual predicate that could not have been previously discovered through the exercise of due diligence." § 2254(e)(2)(A)(ii). Even if

Ortiz could establish diligence, Ortiz does not proffer evidence that, if true, would entitle him to relief. *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1291 (11th Cir. 2012)(Once a petitioner has established diligence, a federal court may grant an evidentiary hearing without regard to the strictures of 28 U.S.C. § 2254(e)(2), but only if the petitioner has "proffer[ed] evidence that, if true, would entitle him to relief")(citing *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir. 1999)); *see Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.")). Thus, Ortiz is not entitled to an evidentiary hearing.

## DISCUSSION

Ortiz raises two grounds for relief in his federal petition. In ground one,  Ortiz asserts his trial counsel rendered ineffective assistance and raises six issues related to counsel's ineffectiveness. In ground two, Ortiz alleges that the trial court erred in failing to advise him of his right to self representation.

### Standard for Ineffective Assistance of Counsel

Because Ortiz contends his trial counsel rendered ineffective assistance, he must establish both that trial counsel's "performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984). Deficient performance occurs when "counsel's representation [falls] below an objective standard of reasonableness ... under prevailing professional  norms." *Wiggins*, 539 U.S. at 521. "[C]ounsel is  strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of

reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Prejudice requires the petitioner to demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Because "[t]he standards created by *Strickland* and §2254(d) are both highly deferential," it follows that "when the two apply in tandem, review is doubly so." *Morton v. Sec'y, Fla. Dept. of Corr.*, 684 F.3d 1157, 1167 (11th Cir. 2012)(citing *Harrington*, 131 S.Ct. at 788 (internal quotation marks and citations omitted). Federal habeas courts assessing claims of ineffective assistance previously adjudicated in state court "must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Id.* In reviewing *Strickland* claims under the AEDPA, the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This inquiry is different from asking whether defense counsel's performance fell below *Strickland*'s standard. *Richter,* 131 S.Ct. at 785.

## DISCUSSION

## GROUND ONE

### Issue One

## TRIAL COUNSEL'S FAILURE TO CALL DEAN WEISS TO UNCOVER PERJURED TESTIMONY OF RICHARD WHIDDEN

Ortiz alleges in support of issue one:

> Trial counsel's representation was constitutionally deficient by failing to call potential defense witness, Dean Weiss, to testify at his jury trial.  Mr. Weiss' testimony would have excluded petitioner as being perpetrator of the robbery of S&S Grocery Store, as alleged by Marcus Shackleford (Owner)

and Richard Whidden (employee).  Mr. Whidden was introduced by State to identify Petitioner as the person who robbed the store, which was the central issue of the State's case.

Mr. Weiss' testimony was necessarily pertinent in this cause, where he was a witness to Mr. Whidden's previous sworn statements expressly excluding Petitioner from being the perpetrator of the alleged robbery.  Trial counsel knew that Mr Weiss existed, that his testimony would have significantly negated testimony of Mr. Whidden by contradictions [sic] assertions that Petitioner robbed the store.

Trial counsel's performance was constitutionally deficient for Sixth Amendment purposes by failing to investigate, interview, and/or call Mr. Weiss to testify at trial, which allowed perjured and prejudicial testimony to be placed before the jury without challenge.  This prejudiced Petitioner's right to a fair and impartial trial under Sixth and Fourteenth Amendment guarantees of the U.S. Constitution, where Mr. Weiss' testimony would have exonerated Petitioner and Mr. Weiss was available at all time, [sic] including for trial.

This claim has no merit.  Ortiz reached this conclusion based on his failed premise that statements in witnesses' affidavits, rather than their initial identifications of Ortiz, were truthful. Afforded the opportunity at the state evidentiary hearing, Ortiz failed to establish his factual underpinnings of this claim.

The state trial court credited Ortiz's counsel's testimony, which established that counsel made an informed decision not to adduce testimony regarding the witnesses' affidavits -- a tactical decision endorsed by Ortiz. The testimony of Ortiz's counsel revealed that prior to trial, Ortiz had furnished to counsel Whidden's handwritten affidavit in which Whidden stated Ortiz was not the individual who robbed the grocery store. (Resp. Ex. 15, Supp 2 R 99-100). The affidavit was given after Whidden had been deposed by Ortiz's counsel and was executed when Whidden and Ortiz were in custody in the same jail. (Resp. Ex. 15, Supp 2 R 96).

In a second deposition, Whidden stated he had been threatened with sodomy by

Ortiz and Weiss if he (Whidden) did not execute the affidavit. (Resp. Ex. 15, V 2 R 96- 97). Counsel's testimony further revealed that on the morning of jury selection, counsel located Mr. Macias, who had executed a similar affidavit indicating Ortiz did not commit the robbery. (Resp. Ex. 15, Supp 2 R 97).  Macias was also in custody in the county jail where Ortiz was housed when Macias furnished his affidavit, and Macias indicated Ortiz had pestered him to execute the affidavit. Macias made it clear that if he were called as a witness, he would testify that the affidavit was untrue. Ortiz's trial counsel conveyed this information to Ortiz.

Although Ortiz initially indicated that he was going to accept a plea offer by the state, Ortiz decided to try his case. (Resp. Ex. 15, Supp 2 R 98).  After learning of Ortiz's desire to go to trial,  counsel recommended against adducing evidence regarding the affidavits for fear of how the jury would view the affidavits.  Ortiz concurred in this strategic decision not to adduce testimony as to the witnesses' affidavits. As a result, as counsel explained, there was no reason to call Weiss. (Resp. Ex. 15, Supp.2 R 99-102).

The state trial court concluded that after considering alternative courses of action, counsel made a strategic decision not to call Weiss. (Resp. Ex. 14). Ortiz does not overcome the factual findings of the state court by clear and convincing evidence. 28 U.S.C. §2254(e)(1). Nor does he demonstrate that the state trial court's application of the *Strickland* standard was unreasonable. *Richter*, 131 S.Ct. at 785.

Failure To Investigate

With regard to the "failure to investigate" component of Ortiz's claim, counsel's testimony established that he had pursued the matter of the witnesses' affidavits, speaking with both witnesses about the affidavits. Having decided not to present testimony regarding

the affidavits, there was no obligation on the part of counsel to interview or depose Weiss.

Under the Sixth Amendment, counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691; *Wiggins v. Smith*, 539 U.S. 510, 525 (2003) (holding counsel must make an "informed choice" among possible defenses). No absolute duty exists to investigate particular facts or a certain line of defense. *Chandler v. United States*, 218 F.3d 1305, 1317-18 (11th Cir. 2000). The decision about whether to investigate must be assessed for reasonableness based on the circumstances, "applying a heavy measure of deference to counsel's judgments." *Strickland*, at 691.

Counsel's testimony established that he investigated the matter of the witnesses' affidavits, recommended against adducing evidence about the affidavits, and that Ortiz agreed to forego testimony regarding the affidavits. Counsel's reasonable decision made further investigation of Weiss' information unnecessary. "By its nature, 'strategy' can include a decision not to investigate ... [and] a lawyer can make a reasonable decision that no matter what an investigation might produce, he wants to steer clear of a certain course." *Rogers v. Zant*, 13 F.3d 384, 387 (11th Cir. 1994).

### Failure To Call Weiss as Witness

With respect to the failure-to-call component of Ortiz's claim, the specter of an adverse jury reaction on hearing that Ortiz coerced Weiss's affidavits means that a reasonable argument exists that counsel satisfied *Strickland*'s deferential standard. *Richter*, 131 S.Ct. at 788.[4]

---

[4]  *See Chandler*, 218 F.3d at 1319 ("Considering the realities of the courtroom, more is not always better. Stacking defenses can hurt a case. Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others.").

Other Testimony at Trial

Independent of the testimony of the store clerk, the State adduced, among other things, Shackleford's reliable identification testimony, which established that Ortiz was the individual who robbed him at gun point. (Resp. Ex. 1, V 2 T 22-29).  Shackleford had ample opportunity to view Ortiz during the crime, as well as to observe the vehicle in which Ortiz fled the scene. Giving chase, Shackleford at one point fired at the vehicle as it came at him. (Resp. Ex. 1, V 2 T 30-39). After Shackleford lost sight of the vehicle, police spotted Ortiz's vehicle, which collided with a pickup truck. The crash was captured on videotape that was published to the jury. (Resp. Ex. 1, V 2 T 128-130, 135, 149). Shackleford identified the vehicle and Ortiz at the scene. (Resp. Ex. 1, V 2 T 40-41).

Testimony from Amy Perez Matthews further revealed that after they (Matthews and Ortiz) entered and then left the store, Ortiz went back inside.  When he returned to the vehicle and sat in the passenger seat, he told Matthews in an "extreme voice" to "go, go, go" (Resp. Ex. 1, V 2 T 108-110).  Ortiz yelled and screamed at her; she pulled into an apartment complex parking area and Ortiz got into the driver's seat. (Resp. Ex. 1, V 2 T 111-12). Matthews' testimony revealed that the white plastic bag containing currency found in the vehicle had been in Ortiz's possession when he returned to the vehicle from the store. (Resp. Ex. 1, V 2 T 113-14).

At the evidentiary hearing, Ortiz  failed to establish that testimony from Weiss would have credibly undercut Shackleford's or Whidden's testimony, or for that matter the other evidence of Ortiz's guilt. In view of the compelling evidence of Ortiz's guilt, it is objectively reasonable to conclude that had Ortiz's counsel pursued and called Weiss, there was no reasonable probability of a different outcome. The state court decision resulted in a

reasonable application of *Strickland* and a reasonable determination of the facts in light of the evidence.

Issue one does not warrant habeas corpus relief.

## Issue Two

### TRIAL COUNSEL'S FAILURE TO OBJECT TO STATE SHIFTING BURDEN OF PROOF, BY VOICING TESTIMONY OPINION AS TO TRUTHFULNESS

Ortiz faults his counsel for not objecting to what Ortiz characterizes as burden shifting remarks and opinions of the prosecutor during opening statement.  Ortiz fails to satisfy AEDPA's deferential standards in raising this claim.

In summarily denying his claim, the state trial court stated:

Defendant claims (claim number 2) that his counsels rendered ineffective assistance because they failed to object when the State's attorney asserted in opening statements that the person who committed the crime was Edwin Ortiz. The portions of the opening statement Defendant takes issue with are as follows:

The person that committed the Robbery is Edwin Ortiz ... We know this because the first person he had contact with was Richard Widden [sic]. That's the individual that he stuck a pistol in his stomach and told him this is a robbery ... Mr. Shackleford [sic] is then confronted with a pistol directly at him by Edwin Ortiz, demanding the money, .... Mr. Ortiz take [sic] the bag and flees from he store.

Opening remarks are not evidence, and the purpose of opening argument is to outline what an attorney expects to be established by the evidence. *Occhicone v. State*, 570 So. 2d 90, at 904 (Fla. 1990). Upon review of the statements to which Defendant alludes as such are stated within the test of his motion, the Court finds that they are not unduly prejudicial or improper. *See Fernandez v. State*, 730 So. 2d 277, 281 (Fla. 1999). As there appears to have been no error in not objecting to the State's opening statement for the reasons asserted by Defendant, the court finds that Defendant has failed to substantiate either of the two elements in *Strickland*, and has not stated a case for ineffective assistance of counsel. Defendant's claim is denied.

. . . . .

(Resp. Ex. 10).

The state trial court, and the state district court of appeal's affirmance have answered the question of what would have happened had Ortiz's trial counsel objected to the prosecutor's remarks based on Florida law.  Deference is due that underlying state law determination. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005)(Alabama Court of Criminal Appeals answered the question of what would have happened had counsel objected to introduction of petitioner's statements based on state decisions; the objection would have been overruled; therefore, counsel was not ineffective for failing to make that objection).[5]

With respect to a constitutional analysis of his underlying issue, the prosecutor's comments -- viewed in the context of his entire opening statement and the trial as a whole -- neither rendered the trial fundamentally unfair, nor infected the trial with such unfairness that the resulting conviction amounts to a denial of due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642-43 (1974).  Therefore,  it is reasonable to conclude there was no deficiency on due process grounds in counsel's foregoing objection to the prosecutor's remarks.

The state trial court reasonably denied relief under the *Strickland* prejudice prong.

_____

[5] Although whether trial counsel was constitutionally ineffective is a question of federal law, when the answer to the question turns on whether counsel should have raised issues of state law, § 2254(d) requires the federal court defer to the state court's decision regarding its own laws. *Alvord v. Wainwright*, 725 F.2d 1282, 1291(11th Cir. 1984) (superceded by statute on other grounds). Federal  courts must abide by the state courts' rulings on matters of state law. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (citations and footnote omitted). It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. *See Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338, 1354-55 (11th Cir. 2005)(citing *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)(internal citations omitted)).

Because the prosecutor's comments were not improper, Ortiz cannot show actual prejudice from counsel's foregoing objection to the comments. Moreover, Ortiz not only failed to show the remarks were improper, he failed to demonstrate that the prosecutor's remarks prejudicially affected his substantial rights. *See Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1182 (11th Cir. 2010). The prosecutor's opening statement was merely a brief recitation of what he anticipated the evidence would show.

Furthermore, in view of the compelling evidence of Ortiz's guilt, the comments were, if error, harmless, having no substantial and injurious effect or influence in determining the jury's verdicts. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Accordingly, it is objectively reasonable to conclude that had Ortiz's counsel objected to the prosecutor's opening remarks, there was no reasonable probability of a different outcome. The state court decision resulted in a reasonable application of *Strickland* under either prong and a reasonable determination of the facts in light of the evidence.

Issue two does not warrant habeas corpus relief.

### Issue Three

Ortiz faults his trial counsel for not filing a motion to suppress the currency seized from his vehicle. According to Ortiz, his counsel was aware of his claim that the currency had been paid to him by Rupert Ayala for repair of the latter's car transmission.

In denying relief on this claim, the state trial court found that the currency was properly admitted at trial based on an interpretation of state law (Resp. Ex. 10), and the denial of relief was per curiam affirmed by the state district court of appeal. The state courts have thus answered the question of what would have happened had Ortiz's counsel moved to suppress the evidence based on Florida law. In view of the deference due the underlying

15

state law determinations, it is reasonable to conclude that Ortiz failed to show any deficiency in counsel's foregoing a suppression motion based on state law. Stated otherwise, the state courts' application of the *Strickland* standard was reasonable. *Richter*, 131 S.Ct. at 785.[6]

The state courts' decision can be seen as an adjudication on the prejudice prong of *Strickland* as well. This conclusion is reasonable given the state courts' determination that the evidence was not subject to exclusion under state law. Furthermore, the state's case against Ortiz did not rest on the seizure of the stolen currency from the vehicle in which Ortiz departed after the robbery.

In view of the ample eye witness testimony which established that Ortiz was the armed assailant who robbed the victim, it is objectively reasonable to conclude that had his counsel moved to suppress the currency, there was no reasonable probability of a different outcome. The state decision resulted in a reasonable application of *Strickland* and involves a reasonable determination of the facts in light of the evidence.

Issue three does not warrant habeas corpus relief.

---

[6]   In his rule 3.850 motion, Ortiz did not specifically allege that his trial counsel should have moved to suppress the currency on constitutional grounds. Any such claim is unexhausted and procedurally barred by the two-year time limit of rule 3.850, see *Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. (1990), as well as the state's successive petition bar. See Fla. R.Crim. P. 3.850(f); *Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993). Not showing cause, Ortiz cannot avoid his default, as the cause and prejudice components are in the conjunctive and both must be established to escape the preclusive effect of the procedural default. *Engle v. Isaac*, 456 U.S. 107 (1982). If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992); *Jackson v. Herring*, 42 F.3d 1350, 1355 (11th Cir.), *reh'g denied*, 51 F.3d 1052 (11th Cir. 1995); *see also, Tower v. Phillips*, 979 F.2d 807 (11th Cir. 1992)(federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted, unless petitioner is able to show both cause and prejudice resulting therefrom).

**Issue Four**

Ortiz contends his trial counsel's performance was constitutionally deficient for "failing" to investigate and move to suppress Ortiz's statements, which he claims were made after he invoked his right to remain silent. In summarily denying this claim, the state trial court stated:

> Defendant claims (claim number 4) that his counsels rendered ineffective assistance because they failed to move to suppress statements given by Defendant subsequent to his being read his rights under *Miranda v. Arizona*, 86 S.Ct. 1602 (1966). Testimony presented at trial shows that subsequent to the reading to Defendant of his *Miranda* rights, Defendant voluntarily offered statements. (See attached transcript of trial testimony of Richard Wyatt, at p. 167-71.) Such statements are admissible into evidence. *Taylor v. State*, 855 So. 2d 1, at 17 (Fla. 2003). As there appears to have been no error in the acceptance into evidence of his post-*Miranda* statements, the court finds that Defendant has failed to substantiate either of the two elements in *Strickland*, and has not stated a case for ineffective assistance of counsel. Defendant's claim is denied.
>
> . . . .

(Resp. Ex. 10).

Volunteered statements of any kind are not barred by the Fifth Amendment. *Miranda*, 384 U.S. at 439. In Ortiz's case, as the state trial court recognized, the State was prepared to, and did adduce testimony showing that Ortiz had volunteered statements to police. Because *Miranda* does not apply to volunteered statements, the state courts reasonably concluded that Ortiz failed to show any deficiency in counsel's foregoing a suppression motion relative to Ortiz's statements. The state court's application of the *Strickland* standard was reasonable. *Richter*, 131 S.Ct. at 785.

The state's case did not turn on Ortiz's statements to police. In view of the independent evidence of Ortiz's guilt, admission of his statements was, if error, harmless. *Brecht, supra*. It is objectively reasonable to conclude that had his counsel moved to

suppress Ortiz's statements, there was no reasonable probability of a different outcome. The state courts' decision represents a reasonable application of *Strickland* and involves a reasonable determination of the facts in light of the evidence.

Issue four does not warrant habeas corpus relief.

### Issue Five

Ortiz alleges that his counsel was ineffective for not requesting a special verdict form after his jury was instructed on aggravated battery. In his supporting facts, he claims the state did not present evidence of great bodily harm or permanent disfigurement to the victim, and that his information replaced the element of causation with the term "threatening." (Doc. 1 at p. 13). Contending further that the verdict form did not provide for a finding that the weapon he carried was a firearm or other deadly weapon, Ortiz faults his counsel for not requesting a special instruction as to use of a firearm or other deadly weapon.

### The Claim Has no Merit

Ortiz fails to meet his burden under AEDPA's deferential standards. In summarily denying ground five of Ortiz's rule 3.850 motion, the state trial court stated:

> Defendant claims (claim number 5) that his counsels rendered ineffective assistance because they failed to object and request a special verdict form after the jury was instructed in the offense of Aggravated Battery. Defendant states that "the State in the charging information [replaced[ the element of 'causation' with the verb 'threatening.'" A review of the charging document shows that in charging Defendant with Aggravated Battery, there was no substitution of causation ("did intentionally touch or strike") with the word "threatening." (See attached copy of information.) Further, no error exists within the jury instructions given to the jury. (See attached copy of transcript, at p. 297). As there appears to have been no error with the wording of the information or the jury instructions, the court finds that Defendant has failed to substantiate either of the two elements in *Strickland*, and has not stated a case for ineffective assistance of counsel. Defendant's

claim is denied.

. . . . .

(Resp. Ex. 10).

In his rule 3.850 motion, Ortiz framed his underlying issue in state law terms, and the state courts have determined that the charging document supported the instruction on aggravated battery as given under state law. Therefore, Ortiz failed to show any deficiency in counsel's foregoing contentions otherwise. The state courts' application of the *Strickland* standard was reasonable. *Richter*, 131 S.Ct. at 785.

The state courts also reasonably denied relief on *Strickland*'s prejudice prong. The state courts' decision settles that based on state law, there was no reason for Ortiz's counsel to object to the aggravated battery instruction or to request a special verdict as to a deadly weapon. The state adduced ample evidence from which a rational jury could find that Ortiz used a deadly weapon in touching or striking Whidden. It is reasonable to conclude that had Ortiz's counsel acted as Ortiz now proposes, there was no reasonable probability of a different outcome. The state decision resulted in a reasonable application of *Strickland* and involves a reasonable determination of the facts in light of the evidence.

In his  memorandum at p. 13, (Doc. 1) Ortiz asserts that the punishment for aggravated battery is greater than the punishment for simple battery and a "deadly weapon" enhancement must be found by the jury. In the memorandum , Ortiz cited *Aprendi v. New Jersey,* 530 U.S. 466 (2000) in support of his contention.  However, in his rule 3.850 motion, Ortiz did not raise a claim that his trial counsel rendered ineffective assistance by not contending his sentence was enhanced based on a fact not presented to the jury, contrary to *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than

the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum). Any such claim is now procedurally barred by the two-year limit of rule 3.850 and the state's successive petition bar.

Further and alternatively, Ortiz fails to demonstrate any deficient performance to his actual prejudice with respect to his sentence. In Florida, a deadly weapon is defined as an instrument that will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design. *Michaud v. State*, 47 So. 3d 374, 376 (Fla. 5th DCA 2010). Ortiz's charging document alleged that Ortiz did actually and intentionally touch or strike Whidden against his will and in so doing used a .177 caliber pellet pistol, a deadly weapon, putting him in fear, and threatening him that death, or serious and/or great bodily harm was likely to occur, contrary to Florida Statute 784.045.(Resp. Ex. 1, V 1 R 14-15). There was no *Apprendi* error overlooked by Ortiz's counsel. The element of a deadly weapon was alleged, and the jury found him guilty as charged. Accordingly, Ortiz fails to demonstrate there was any reasonable probability of a different outcome had his counsel requested a special verdict form as to the use of a deadly weapon.

Issue five does not warrant habeas corpus relief.

### Issue Six

Ortiz claims his trial counsel was ineffective for failing to move to secure the assistance of a Spanish interpreter at his jury trial. This claim is unexhausted and procedurally barred because Ortiz did not raise his claim of proposed omission of counsel in a timely rule 3.850 motion. When Ortiz attempted to add his claim in an amended pro se rule 3.850 motion (Resp. Ex. 12), the state trial court explicitly applied rule 3.850's two-year time limit and denied Ortiz's claim. The state district court of appeal per curiam

affirmed the state trial court's ruling. (Resp. Ex. 15, V 1 R 167). When the last state court rendering judgment affirms without explanation, it is presumed the decision rests on the reasons given in the last reasoned decision, in this case, the decision of the state trial court. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991); *Sweet v. Sec'y, Dep't of Corrs.*, 467 F.3d 1311, 1316-17 (11th Cir. 2006). In Ortiz' case, the affirmance of the state trial court's ruling rests on independent and adequate grounds barring federal review of ground six. Ortiz fails to make the requisite showing to excuse his default.[7]

Issue six does not warrant habeas corpus relief.

## GROUND TWO

---

[7] In his rule 3.850 proceeding, Ortiz faulted his postconviction counsel for not timely amending his rule 3.850 motion. His allegations in such regard will not assist him in avoiding his default. In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court held that when a state requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in an initial review collateral proceeding, he may establish cause for default of a claim of ineffective assistance of trial counsel in two circumstances:1) where counsel was not appointed in the initial review proceeding, or 2) appointed postconviction counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Martinez*, 132 S.Ct. at 1318. To overcome the default, a prisoner "must also demonstrate the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S.Ct. at 1318-19. The *Martinez* Court stressed it was making only a narrow exception to the general rule in *Coleman v. Thompson*, 501 U.S. 722 (1991), that claims of ineffective assistance of postconviction counsel did not establish cause. The Court expressly stated that *Coleman* applied outside of the exception. *Martinez*, 132 S. Ct. at 1319-20. It also emphasized that for the exception to apply, the state had to bar the raising of claims of ineffective assistance of trial counsel on direct appeal. *Martinez* at 1315, 1317, 1318, 1320. As a result, both the Fifth and Eighth Circuits have held that *Martinez* is inapplicable to states which permit defendants to raise claims of ineffective assistance of trial counsel on direct appeal, even where the claims are more usually raised during postconviction proceedings. *Ibarra v. Thaler*, 687 F.3d 222 (5th Cir. 2012); *Dansby v. Norris*, 682 F.3d 711, 728-29 (8th Cir. 2012).

In Florida, claims of ineffective assistance of counsel can be raised on direct appeal. *See Foster v. State*, 387 So. 2d 344, 345-46 (Fla. 1980); *see also Robinson v. State*, 702 So. 2d 213, 215-17 (Fla. 1997)(counsel ineffective for not preparing for trial, lying to the jury, offering no evidence in mitigation, and being improperly compensated); *Ross v. State*, 726 So. 2d 317, 319 (Fla. 2d DCA 1998) (counsel ineffective for failing to object to   prosecutor's comments); *Gordon v. State*, 469 So. 2d 795, 797 (Fla. 4th DCA 1985)(defense counsel was ineffective for failing to object to 104 instances of improper questions and comments by the prosecutor). Accordingly, *Martinez*  is inapplicable, and the general rule of *Coleman* would apply.

Alternatively, Ortiz fails to demonstrate his claim is a substantial one as required under *Martinez*. Collateral counsel's testimony revealed counsel investigated the matter of an interpreter, concluding he did not have a good faith basis to file a motion for an interpreter.  (Resp. Ex. 15, Supp 2 R 25-26).  Thus, Ortiz' complaint regarding his collateral counsel does not establish valid cause for his default.

Ortiz claims the trial court erred by "failing" to advise him of his right to self-representation after his request to remove his court-appointed counsel was denied. By failing to do so, according to Ortiz, the trial court did not comply with the "due process requirements for *Nelson*" hearings. (Doc. 1 at p. 17). Under Florida law, when a defendant asks that his counsel be discharged, the trial court is to determine whether adequate grounds exist for the attorney's discharge. *Nelson v. State*, 274 So.2d 256 (Fla. App. 1973). If no such grounds exist, the court must then advise the defendant that if counsel is discharged, the defendant must represent himself because new counsel will not be appointed. *Hardwick v. State*, 521 So. 2d 1071 (Fla. 1988). Determination of whether the trial court complied with Florida's procedures for addressing a motion to discharge counsel is solely a matter of state law. Moreover, this ground is unexhausted and procedurally barred because Ortiz did not raise the constitutional dimension of his claim in a timely manner at trial and on direct appeal.

In a pro se motion, Ortiz sought appointment of new counsel. (Resp. Ex. 1, V 1 R 12).   At a pretrial hearing on January 21, 2003, the trial court, after hearing Ortiz' complaints regarding his court  appointed counsel, denied his request to remove counsel. (Resp. Ex. 1, Supp R 324). Ortiz proceeded to jury trial with his counsel and did not apprise the trial court that he was being deprived his constitutional right of self- representation.

In his initial brief on appeal, Ortiz, through appellate counsel, framed his issue as whether the trial court erred by not advising him of his right of self-representation. Ortiz did not, however, argue that the trial court deprived him of his constitutional right of self-representation. Instead, Ortiz argued that the trial court did not comply with Florida's procedures established in *Nelson*. Pursuant to *Duncan*, Ortiz's state law arguments did not

suffice to meet the fair presentment requirement.

In Florida, perfunctory statements unrelated to the argument presented do not create issues for the appellate court to address. *Henderson v. State*, 569 So. 2d 925, 927 (Fla. 1st DCA 1990). Such arguments are deemed inadequately briefed for the appellate court to review. *See Lawrence v. State*, 831 So. 2d 121 (Fla. 2002); *Shere v State*, 742 So. 2d 215, 217 n.6 (Fla. 1999); *Coolen v. State*, 696 So.2d 738, 742 n.2 (Fla. 1997). Any issue a defendant or his counsel desires to be heard must be identified and briefed.

On appeal, Ortiz did not fairly present the state district court of appeal a claim of denial of the constitutional right of self-representation. As a result, his claim is now procedurally barred.

The burden is on the petitioner to raise his federal claim in the state courts at a time when state procedural law permits its consideration on the merits, even if the state court could have identified and  addressed the federal question without its having been raised. *See Bell v. Cone*, 543 U.S. 447 (2005)(citing *Baldwin v. Reese*, 541U.S. 27, 30-32 (2004)). By not raising his claim as a constitutional claim in a timely manner at trial and arguing the constitutional dimension of his claim on direct appeal, Ortiz deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Ortiz has not presented cause and prejudice to excuse his default.  Ortiz does not have any new and reliable evidence of actual innocence. Accordingly, Ortiz is not entitled to review of his procedurally barred claim.

Further and alternatively, Ortiz does not satisfy AEDPA's deferential standards. The state decision is not contrary to or an unreasonable application of federal law as clearly

established by the Supreme Court; nor does it involves an unreasonable determination of the facts. A trial court's obligation to conduct a Faretta[8] hearing -- at which a defendant is made aware of the dangers and disadvantages of self-representation -- is triggered by the defendant's "clear and unequivocal assertion of a desire to represent himself." *Gill v. Mecusker,* 633 F.3d 1272, 93-94 (11th Cir. 2011) (internal citations omitted). Once the right of self-representation has been asserted clearly and unequivocally, understandable to the trial court by the reasonable person standard, then and only then is that court, under Supreme Court and Eleventh Circuit case law, required to conduct the requisite inquiry to determine whether the criminal defendant's decision to represent himself is knowing, intelligent and voluntary. *Id.*

The record demonstrates that Ortiz did not make an unequivocal request to represent himself. He sought representation from different counsel.  His request for, and acceptance of the assistance of his appointed successor counsel at trial constituted a waiver of his *Faretta* rights. The state courts' decision did not result in an objectively unreasonable application of *Faretta* or involve an unreasonable determination of the facts in light of the evidence.

Accordingly, the Court orders:

That Ortiz's petition is denied.  The Clerk is directed to enter judgment against Ortiz and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

---

[8] *Farretta v. California*, 422 U.S. 806 (1975).

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is required to pay the $455.00 appellate filing fee unless the appellate court grants Petitioner in forma pauperis status on appeal.

ORDERED at Tampa, Florida, on March 4, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Edwin Ortiz